IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG

UNITED STATES OF AMERICA,

v.                                           Criminal Action No. 3:21-CR-49
                                                                               (GROH)

JONATHAN TOEBBE and
DIANA TOEBBE,

                 Defendants.

**PROTECTIVE ORDER**
**PERTAINING TO CLASSIFIED INFORMATION**

Pursuant to the authority granted under Section 3 of the Classified Information Procedures Act, 18 U.S.C. App. III ("CIPA"), the "Revised Security Procedures Established Pursuant to Pub. L. 96-456, 94 Stat. 2025, by the Chief Justice of the United States for the Protection of Classified Information" ("Security Procedures") (reprinted after CIPA § 9), Rules 16 and 57 of the Federal Rules of Criminal Procedure, and the general supervisory powers of the Court, and to protect the national security, the following Protective Order[1] is entered:

1.      The Court finds that this case may involve information that has been classified in the interest of national security. The storage, handling, and control of this information will require special security precautions mandated by statute, executive order, and regulation. Access to this information requires appropriate security clearances and need-to-know, as set forth in Executive Order 13526 (or successor order) and under the Atomic Energy Act ("AEA"), 42 U.S.C.

---

[1] The Court understands that the government may move for a supplemental protective order depending on the nature of additional information that is determined to be discoverable, or information provided to the Defense during this litigation.

1

2011, *et seq.*, that has been validated by the government.[2]

2. The purpose of this Order is to establish procedures that must be followed by counsel and the parties in this case. These procedures will apply to all matters concerning classified information and may be modified from time to time by further Order of the Court acting under its inherent supervisory authority to ensure fair and expeditious proceedings in this case.

3. Definitions. The following definitions shall apply to this Order:

    a. "Defense" or "defense team" refers collectively to the Defendants' counsel and any support staff assisting the Defendants' counsel authorized to receive classified information pursuant to this Order.[3]

    b. "Classified information" shall include:

        i. Any document, recording, or information that has been classified by any Executive Branch agency in the interests of national security pursuant to Executive Order 13526, as amended, or its predecessor or successor orders, or under the AEA, as "CONFIDENTIAL," "SECRET," "TOP SECRET," or "RESTRICTED DATA," or additionally controlled as "SENSITIVE COMPARTMENTED INFORMATION" ("SCI");

        ii. Any document, recording, or information now or formerly in the possession of a private party that (A) has been classified by the United States Government as set

---

[2] Any individual to whom classified information is disclosed pursuant to this Order shall not disclose such information to another individual unless the U.S. agency that originated that classified information has validated that the proposed recipient possesses an appropriate security clearance and need-to-know.

[3] The Classified Information Security Officer ("CISO") informed the government that counsel for Jonathan Toebbe and one of two defense counsel representing Diana Toebbe now have the requisite clearances. This Protective Order will apply to all defense counsel, both current and future, who possess the requisite clearance. Only defense counsel who possess the requisite clearance will have access to classified information.

forth above, and/or (B) has been derived from information that was classified by the United States Government;

       iii.   Verbal or other unwritten or unrecorded information known to the Defendants or the defense team that has been classified by the United States Government as set forth above;

       iv.   Any information, regardless of its origin, that the defense knows or reasonably should know contains classified information, including information acquired or conveyed orally;

       v.   Any document, recording, or information as to which the defense has been notified orally or in writing contains classified information; and

       vi.   Any document, recording, or information that is classified, as set forth in (i), that has been approved by the United States government for limited authorized disclosure to the defense in criminal case *United States v. Jonathan Toebbe and Diana Toebbe*, 3:21-CR-49. pursuant to the restrictions set forth herein. All classified information that is approved by the government or the Court for limited authorized disclosure to the defense that may also be shared with the Defendants will contain an appropriate classification marking and will be marked "Provided to JONATHAN TOEBBE in *United States v. Jonathan Toebbe and Diana Toebbe*, 3:21-CR-49"; or "Provided to DIANA TOEBBE in *United States v. Jonathan Toebbe and Diana Toebbe*, 3:21-CR-49."[4]

---

[4] In the event that the government's discovery obligations require disclosure of government information seized from the Defendants that has not been formally reviewed for classification, that information shall be handled as classified, consistent with this Order and the Memorandum of Understanding referred to herein, unless and until the government confirms that it is not classified. If the Court or a party to the case seeks to use or disclose information that has not been formally reviewed for classification, the Court and the parties shall address such use or disclosure pursuant to CIPA.

   c. "Document," "materials," and "information" shall include, but are not limited to:

    i. All written, printed, visual, digital, electronic, or audible matter of any kind, formal or informal, including originals, conforming copies, and non-conforming copies (whether different from the original by reason of notation made on such copies or otherwise), as well as metadata;

    ii. Notes (handwritten, oral, or electronic); papers; letters; correspondence; memoranda; reports; summaries; photographs; maps; charts; graphs; inter-office communications; notations of any sort concerning conversations, meetings or other communications; bulletins; teletypes; telecopies; telegrams; telexes; transcripts; cables; fax; invoices; worksheets and drafts; microfiche; microfilm; videotapes; sound recordings of any kind; motion pictures; electronic, mechanical or electric records of any kind, including but not limited to tapes, cassettes, disks, recordings, films, typewriter ribbons, word processing or other computer tapes, disks, or thumb drives and all manner of electronic data processing storage; and alterations, modifications, changes and amendments of any kind to the foregoing; and

    iii. Information obtained orally.

   d. "Access to classified information" shall mean having access to, reviewing, reading, learning, or otherwise coming to know in any manner classified information.

   e. "Secure Area" shall mean an environment or setting approved by a designated CISO or his designee for the appropriate storage, handling, and control of classified information.

**Classified Information**

  4. All classified documents, and classified information contained therein, shall remain classified unless the documents bear a clear indication that they are not classified or have been

declassified by the agency or department that originated the document or information contained therein ("originating agency").

5. All access to classified information shall conform to this Order and the Memorandum of Understanding described herein.

6. Any classified information provided to the defense by the government is to be used solely by the defense and solely for the purpose of preparing for the Defendants' defense in this case, including but not limited to motion practice, trial, and/or sentencing.

7. The defense may not disclose or cause to be disclosed in connection with this case any information known or reasonably believed to be classified information except as otherwise provided herein.

8. The defense may not disclose classified information to the Defendants unless that same information has been previously disclosed to the defense by the Defendants or provided by the government with markings indicating it may be disclosed to the Defendants. The defense may not confirm or deny to the Defendants any assertions made by the Defendants based on knowledge the defense may have obtained from classified information. Any classified information the defense discusses with the Defendants in any way shall be handled in accordance with this Order and the attached Memorandum of Understanding, including such requirements as confining all discussions, documents, and materials to the Secure Area.

9. The defense and the Defendants shall not disclose classified information to any person, except to the Court, government personnel who hold appropriate security clearances and have been determined to have a need-to-know that information, and those specifically authorized to access that information pursuant to this Order.

10. Information that is classified that also appears in the public domain is not thereby automatically declassified unless it appears in the public domain as the result of an official

statement by a U.S. Government Executive Branch official who is authorized to declassify the information. Individuals who, by virtue of this Order or any other court order, are granted access to classified information may not confirm or deny classified information that appears in the public domain. Prior to any attempt by the defense to have such information confirmed or denied in any public proceeding in this case, the defense must comply with the notification requirements of Section 5 of CIPA and all provisions of this Order.

11. If classified information enters the public domain, the defense is precluded from making private or public statements where the statements would reveal personal knowledge from non-public sources regarding the classified status of the information, or would disclose that the defense had personal access to classified information confirming, contradicting, or otherwise relating to the information already in the public domain. If there is any question whether information is classified, the defense must handle that information as though it is classified.

**Security Procedures**

12. In accordance with the provisions of CIPA and the Revised Security Procedures, the Court has designated Harry J. Rucker as the CISO and Daniel O. Hartenstine, Daniella M. Medel, Matthew W. Mullery, Carli V. Rodriguez-Feo, and Winfield S. Slade as alternate-CISOs for this case, for the purpose of providing security arrangements necessary to protect against unauthorized disclosure of any classified information that has been made available to the defense in connection with this case. The defense shall seek guidance from the CISO with regard to appropriate storage, handling, transmittal, and use of classified information.

13. The government has advised the Court that Assistant United States Attorneys Jarod J. Douglas and Jessica Lieber Smolar; U.S. Department of Justice National Security Division Trial Attorneys Matthew J. McKenzie and S. Derek Shugert; as well as their supervisors ("counsel for

the government"), all have the security clearances allowing them to have access to classified information that counsel for the government intend to use, review, or disclose in this case.

14. The Court has been advised, through the CISO, that Jonathan Toebbe's counsel, Nicholas J. Compton, and one of Diana Toebbe's counsel, Edward B. MacMahon, Jr., possess Top Secret security clearances as well as Q reciprocity, permitting them to have access to classified information designated as "CONFIDENTIAL," or "SECRET," "TOP SECRET," or "RESTRICTED DATA," for which they have a need-to-know.

15. *Protection of Classified Information.* The Court finds that to protect the classified information involved in this case, to the extent that counsel have the requisite security clearances and a "need-to-know" the classified information, they shall be given authorized access to classified national security documents and information as required by the government's discovery obligations and subject to the terms of this Protective Order, the requirements of CIPA, the Memorandum of Understanding attached hereto, and any other Orders of this Court.

16. The Defendants have a continuing contractual obligation to the government not to disclose to any unauthorized person classified information known to them or in their possession. The government is entitled to enforce that agreement to maintain the confidentiality of classified information. The Defendants are subject to this Court's authority, contempt powers, and other authorities, and shall fully comply with any nondisclosure agreements they have signed, this Order, the Memorandum of Understanding, and applicable statutes.

17. Pursuant to Section 4 of the security procedures promulgated pursuant to CIPA, no court personnel required by this Court for its assistance shall have access to classified information involved in this case unless that person shall first have received the necessary security clearance as determined by the CISO.

18. An individual with a security clearance and a need-to-know as determined by any government entity is not automatically authorized to disclose any classified information to any other individual, even if that other individual also has a security clearance. Rather, any individual who receives classified information may only disclose that information to an individual who has been determined by the appropriate government entity to have both the required security clearance and a need-to-know the information.

19. In addition, before the United States government discloses any classified information to the defense and/or the Defendants, all will execute the Memorandum of Understanding attached hereto. Defendants' counsel and the Defendants agree they are subject to the terms of this Protective Order, the Memorandum of Understanding attached hereto, and any other Orders of this Court. The signed Memorandum of Understanding shall be filed with the Court and executed copies of the Memorandum of Understanding shall be served upon the government. The substitution, departure, or removal for any reason from this case of any counsel for the Defendants or any other member of the defense, shall not release that individual from the provisions of this Order or the Memorandum of Understanding executed in connection with this Order.

20. *Secure Area for the Defense.* The CISO shall establish procedures to assure a Secure Area is accessible during business hours to the defense, and at other times upon reasonable request as approved by the CISO in consultation with the Court and United States Marshals Service. The Secure Area shall contain a working area for the defense and will be outfitted with any secure office equipment requested by the defense that is reasonable and necessary to the preparation of the Defendants' case. The CISO, in consultation with counsel for the Defendants, shall establish procedures to assure that the Secure Area may be maintained and operated in the most efficient manner consistent with the protection of classified information and in compliance

with security requirements. No classified documents, material, recordings, or other information may be removed from the Secure Area unless so authorized by the CISO. The CISO and his designees shall not reveal to the government the content of any conversations he may hear among the defense, nor reveal the nature of the documents being reviewed, or the work being generated. The presence of the CISO or any of his designees shall not operate to waive, limit, or otherwise render inapplicable, the attorney-client privilege.

21. *Filing of Papers by the Defense.* Any pleading or other document filed by the defense that Defendants' counsel knows or reasonably should know contains classified information as defined in paragraph 2(a) shall be filed as follows:

a. Pleadings and other documents shall be filed under seal with the CISO or an appropriately cleared designee and shall be marked, "Filed in Camera and Under Seal with the Classified Information Security Officer." The time of physical submission to the CISO or an appropriately cleared designee shall be considered the date and time of filing and should occur no later than 3:00 p.m..

b. Within a reasonable time after making a submission to the CISO or an appropriately cleared designee, the defense shall file on the public record in the CM/ECF system a "Notice of Filing" notifying the Court that the submission was made to the CISO or an appropriately cleared designee. The notice should contain only the case caption and an unclassified title of the filing. The defense may, for any reason, apply to the Court for the notice to be filed under seal, with a front cover page on which the title of the filing reads "under seal document," so that all that will appear on the public docket is a notice of under seal filing.

c. The CISO shall promptly consult with representatives of the appropriate agencies to determine whether the pleading or document contains classified information. If it is determined that the pleading or document contains classified information, the CISO shall ensure

that the pleading or document is marked with the appropriate classification markings and that the pleading or document remains under seal. The CISO or an appropriately cleared designee shall immediately deliver under seal to the Court and counsel for the government any pleading or document to be filed by the defense that contains classified information, unless the pleading or document is an *ex parte* and in camera filing.

      22.    *Filing of Papers by the Government*. Any pleading or other document filed by the government that counsel for the government knows or reasonably should know contains classified information as defined herein, shall be filed as follows:

      a.    The document shall be filed under seal with the CISO or an appropriately cleared designee and shall be marked, "Filed in Camera and Under Seal with the Classified Information Security Officer." The time of physical submission to the CISO or an appropriately cleared designee shall be considered the date and time of filing and should occur no later than 3:00 p.m. Within a reasonable time after making a submission to the CISO, counsel for the government shall file on the public record in the CM/ECF system a "Notice of Filing" notifying the Court that the submission was made to the CISO. The notice should contain only the case caption and an unclassified title of the filing.

      b.    The CISO shall ensure the document is marked with the appropriate classification marking and remains under seal. The CISO shall immediately deliver under seal to the Court and counsel for the defense any pleading or document to be filed by the government that contains classified information, unless the pleading or document is an *ex parte* filing.

      23.    *Record and Maintenance of Classified Filings*. The CISO shall maintain a separate sealed record for those materials which are classified. The CISO shall be responsible for maintaining the secured records for purposes of later proceedings or appeal.

24.     *The Classified Information Procedures Act.*  Procedures for public disclosure of classified information in this case shall be those established by CIPA.   The defense shall comply with the requirements of CIPA Section 5 prior to any disclosure of classified information during any proceeding in this case.  As set forth in Section 5, the defense shall not disclose any information known or believed to be classified in connection with any proceeding until notice has been given to counsel for the government and until the government has been afforded a reasonable opportunity to seek a determination pursuant to the procedures set forth in CIPA Section 6, and until the time for the government to appeal any adverse determination under CIPA Section 7 has expired or any appeal under Section 7 by the government is decided.   Any conferences with the Court involving classified information shall be conducted in camera in the interest of the national security, be attended only by persons granted access to classified information and a need-to-know, and the transcripts of such proceedings shall be maintained under seal.

25.     *Access to Classified Information*.   In the interest of the national security, representatives of the defense granted access to classified information shall have access to classified information only as follows:

a.     All classified information produced, possessed, created or maintained by the defense, including notes and any other work product, and all classified information disclosed by the United States government to the defense, shall be stored, maintained and used only in the Secure Area established by the CISO, unless otherwise authorized by the CISO.

b.     The defense shall have free access to the classified information in the Secure Area established by the CISO and shall be allowed to take notes and prepare documents with respect to those materials.

   c. The defense shall not copy or reproduce any classified information in any manner or form, except with the approval of the CISO and in accordance with the procedures established by the CISO for the operation of the Secure Area.

   d. All documents prepared by the defense (including, without limitation, pleadings or other documents intended for filing with the Court) that do or may contain classified information must be prepared in the Secure Area on word processing equipment approved by the CISO.  All such documents and any associated materials (such as notes, drafts, copies, typewriter ribbons, magnetic recordings, exhibits, thumb drives, discs, CDs, DVDs exhibits, and electronic or digital copies) that may contain classified information shall be maintained in the Secure Area unless and until the CISO determines those documents or associated materials are unclassified in their entirety, or if secure removal is authorized by the CISO.  None of these materials shall be disclosed to counsel for the government or any other party.

   e. The defense shall discuss classified information only within the Secure Area or in an area authorized by the CISO.

   f. The defense shall not disclose, without prior approval of the Court, classified information to any person not named in this Order except to the Court, Court personnel, and government personnel identified by the CISO as having the appropriate clearances and the need-to-know.  Counsel for the government shall be given an opportunity to be heard in response to any defense request for disclosure to a person not identified in this Order.  As set forth above, the defense shall not disclose classified information, even to an individual with the appropriate security clearance, without following the procedures referenced in this Order.

   g. The defense shall not discuss classified information over any standard commercial telephone instrument or office intercommunication systems, including but not limited

to the Internet and electronic mail, or in the presence of any person who has not been granted access to classified information by the Court.

  h. Any documents written by the defense that do or may contain classified information shall be transcribed, recorded, typed, duplicated, copied, or otherwise prepared only by persons who have received an appropriate approval for access to classified information.

  i. The defense shall not disclose classified information to the Defendants -- other than materials marked "Provided to JONATHAN TOEBBE in *United States v. Jonathan Toebbe and Diana Toebbe*, 3:21-CR-49;" or "Provided to DIANA TOEBBE in *United States v. Jonathan Toebbe and Diana Toebbe*, 3:21-CR-49" -- absent written permission of the government.

26. Any unauthorized disclosure or mishandling of classified information may constitute violations of federal criminal law. In addition, any violation of the terms of this Order shall be brought immediately to the attention of the Court and may result in a charge of contempt of Court and possible referral for criminal prosecution. Any breach of this Order may also result in termination of an individual's access to classified information. Persons subject to this Order are advised that direct or indirect unauthorized disclosure, retention or handling of classified documents or information could cause serious damage, and in some cases exceptionally grave damage, to the national security of the United States, or may be used to the advantage of a foreign nation against the interests of the United States. The purpose of this Order is to ensure that those authorized to receive classified information in connection with this case will never divulge that information to anyone not authorized to receive it.

27. All classified documents and information to which the defense has access in this case are now and will remain the property of the United States. Upon demand of the CISO, all persons shall return to the CISO all classified information in their possession obtained through discovery from the government in this case, or for which they are responsible because of access to

classified information.   The notes, summaries, and other documents prepared by the defense that do or may contain classified information shall remain at all times in the custody of the CISO for the duration of the case.  At the conclusion of this case, including any appeals or ancillary proceedings thereto, all such notes, summaries, and other documents are to be destroyed by the CISO in the presence of counsel for the Defendants if they choose to be present.

28.     Nothing contained in this Order shall be construed as a waiver of any right of the Defendants.   No admission made by the Defendants or their counsel during pretrial conferences may be used against the Defendants unless it is in writing and signed by the Defendants.   *See* CIPA § 2.

29.     A copy of this Order shall be issued forthwith to counsel for the Defendants who shall be responsible for advising the Defendants and representatives of the defense of the contents of this Order. Counsel for the Defendants, the Defendants, and any other representatives of the defense who will be provided access to the classified information shall execute the Memorandum of Understanding described herein, and the Defendants and counsel for the Defendants shall file executed originals of such documents with the Court and the CISO and serve an executed original upon the government. The execution and filing of the Memorandum of Understanding is a condition precedent for the Defendants, counsel for the Defendants, and any other representative of the defense to have access to classified information.

DATED: _____                  _____
                                          HONORABLE GINA M. GROH
                                          CHIEF UNITED STATES DISTRICT JUDGE

**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG**

**UNITED STATES OF AMERICA,**

v.  Criminal Action No. 3:21-CR-49 (GROH)

**JONATHAN TOEBBE** and
**DIANA TOEBBE,**

        Defendants.

**MEMORANDUM OF UNDERSTANDING REGARDING
RECEIPT OF CLASSIFIED INFORMATION**

Having familiarized myself with the applicable statutes, regulations, and orders, including but not limited to, Title 18, United States Code, sections 793, 794, 798, and 1924; the Intelligence Identities Protection Act, Title 50 U.S.C. Section 3121; Title 18 U.S.C. Section 641; Title 50 U.S.C. Section 783; the Atomic Energy Act, Title 42 U.S.C. sections 2014 and 2274; and Executive Order 13526, I understand that I may receive information or documents concerning the present and future security of the United States and which belong to the United States, and that such documents and information together with the methods and sources of collecting it are classified by the U.S. Government.  In consideration of the disclosure of classified information and documents:

    1.    I agree that I shall never divulge, publish, or reveal either by word, conduct or any other means, such classified documents and information unless specifically authorized in writing to do so by an authorized representative of the U.S. Government; or as expressly authorized by the

Court pursuant to the Classified Information Procedures Act and the Protective Order entered in the criminal case, *United States v. Jonathan Toebbe and Diana Toebbe,* 3:21-CR-49.

2.  I agree that this Memorandum will remain forever binding on me.

3.  I have received, read, and understand the Protective Order entered by the United States District Court for the Northern District of West Virginia, in the criminal case, *United States v. Jonathan Toebbe and Diana Toebbe,* 3:21-CR-49, relating to classified information, and I agree to comply with the provisions thereof.

4.  I understand that any prior contractual obligations that may bind me to continue to protect classified information remain in full force and effect, and are not superseded by this Memorandum of Understanding. Additionally, I understand that this Memorandum of Understanding does not absolve me of any criminal or civil penalties that may otherwise be imposed upon me as a result of my unauthorized disclosure of classified information.

_____    _____
Nicholas J. Compton, Esq.                Date


_____    _____
Jonathan Toebbe                          Date
Defendant

2

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG

UNITED STATES OF AMERICA,

v.  Criminal Action No. 3:21-CR-49
(GROH)

JONATHAN TOEBBE and
DIANA TOEBBE,

        Defendants.

**MEMORANDUM OF UNDERSTANDING REGARDING
RECEIPT OF CLASSIFIED INFORMATION**

      Having familiarized myself with the applicable statutes, regulations, and orders, including but not limited to, Title 18, United States Code, sections 793, 794, 798, and 1924; the Intelligence Identities Protection Act, Title 50 U.S.C. Section 3121; Title 18 U.S.C. Section 641; Title 50 U.S.C. Section 783; the Atomic Energy Act, Title 42 U.S.C. sections 2014 and 2274; and Executive Order 13526, I understand that I may receive information or documents concerning the present and future security of the United States and which belong to the United States, and that such documents and information together with the methods and sources of collecting it are classified by the U.S. Government.   In consideration of the disclosure of classified information and documents:

      1.    I agree that I shall never divulge, publish, or reveal either by word, conduct or any other means, such classified documents and information unless specifically authorized in writing

1

to do so by an authorized representative of the U.S. Government; or as expressly authorized by the Court pursuant to the Classified Information Procedures Act and the Protective Order entered in the criminal case, *United States v. Jonathan Toebbe and Diana Toebbe,* 3:21-CR-49.

      2.      I agree that this Memorandum will remain forever binding on me.

      3.      I have received, read, and understand the Protective Order entered by the United States District Court for the Northern District of West Virginia, in the criminal case, *United States v. Jonathan Toebbe and Diana Toebbe,* 3:21-CR-49, relating to classified information, and I agree to comply with the provisions thereof.

      4.      I understand that any prior contractual obligations that may bind me to continue to protect classified information remain in full force and effect, and are not superseded by this Memorandum of Understanding.  Additionally, I understand that this Memorandum of Understanding does not absolve me of any criminal or civil penalties that may otherwise be imposed upon me as a result of my unauthorized disclosure of classified information.

_____                  _____
Edward B. MacMahon, Jr., Esq.                                  Date

_____                  _____
Diana Toebbe                                                            Date
Defendant