## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
## MARTINSBURG

**UNITED STATES OF AMERICA**,

        Plaintiff,

v.                                                                                    **CRIMINAL ACTION NO.: 3:21CR49-2 (GROH)**

**DIANA TOEBBE**,

        Defendant.

### ORDER DENYING DEFENDANT'S MOTION [ECF No. 75] TO REOPEN DETENTION HEARING

On October 20, 2021, this Court held a detention hearing and found that Defendant is a flight risk and a danger to the community. A Detention Order [ECF No. 57] was entered granting the Government's motion [ECF No. 10] to detain Defendant pending trial. On December 8, 2021, Defendant filed a motion [ECF No. 75] to reopen the detention hearing. The Government filed a response [ECF No. 79] on December 9, 2021, and the Defendant filed a reply [ECF No. 81] on December 16, 2021. The Court, having considered the motion and responsive pleadings, finds that a hearing is not warranted.

18 U.S.C. § 3142(f) provides that "The hearing may be reopened, before or after a determination by the judicial officer, at any time before trial if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community."

Although additional text messages were produced concerning Defendant's motivation to leave the United States, the same alternative reasons were addressed at the detention hearing and considered by the Court in rendering its decision. The Court finds that this evidence is not "new."

Even if the additional text messages are deemed "new," they do not have a material bearing on the issue of whether there are conditions of release that will reasonably assure the appearance of Defendant as required and the safety of the community. Regardless of the reason, the text message exchange demonstrates that Defendant previously contemplated leaving the country. Whether Defendant's motivation is spurred by her dissatisfaction with elected officials, her alleged involvement in the crime charged, or any other reason, it is not material to this Court's decision on Defendant's risk of flight by a preponderance of the evidence.

As for Defendant's second argument relating to exculpatory evidence, the issue before this Court is detention, not the determination of Defendant's guilt or innocence. Thus, the Court finds that this alleged exculpatory evidence has no material bearing on the issue of risk of flight or safety to the community. Accordingly, it is

**ORDERED** that Defendant's **Motion [ECF No. 75]** to reopen the detention hearing is **DENIED.**

The Court directs the Clerk of the Court to provide a copy of this Order to all counsel of record, as provided in the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia.

**DATED: 12-20-2021**

ROBERT W. TRUMBLE
UNITED STATES MAGISTRATE JUDGE