IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

|  |  |  |
|---|---|---|
| UNITED STATES | : | |
| | : | |
| v. | : | Criminal Action No. 3:21-cr-49-2 |
| | : | |
| DIANA TOEBBE | : | |
| | : | |
| Defendant. | : | |

**DEFENDANT DIANA TOEBBE'S REPLY IN SUPPORT OF HER APPEAL TO THE MAGISTRATE'S ORDER DENYING MOTION TO REOPEN DETENTION HEARING**

COMES NOW Diana Toebbe, by counsel, and for her Reply in Support of Her Appeal to the Magistrate's Order Denying Motion to Reopen Detention Hearing, states as follows:

The Government's Opposition seeks to place Mrs. Toebbe in the worst possible light as a danger to the community and a risk of flight. Nothing, however, could be farther from the truth. Mrs. Toebbe is now an unemployed school teacher and a mother of two teenage children, with no means of support. She has no prior record of any sort and is not a danger to anyone. She has no money to flee with and she does not have a passport to do so. She has professed her innocence as to the serious charges she faces, which charges carry no presumption in favor of detention, but remains incarcerated pretrial despite overwhelming evidence that she is neither a danger to the community or a flight risk.[1] The Court should either order a new detention hearing in the District Court or compel the Magistrate to do so and consider new evidence.

---

[1] The Government's burden when it alleges dangerousness to justify detention is to show by "clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of any other person and the community." United States v. Munchel, 991 F. 3d 1273, 1279-80 (D.C. Cir. 2021), quoting 18 U.S.C. § 3142 (f). In determining dangerousness, the Court must identify an "articulable threat based on a fact bound inquiry including the context of the charged offenses." Id. at

In its Opposition, the Government spends much time reciting the allegations in the Indictment as well as some of the evidence that was presented at the detention hearing. Yet the Government does not meaningfully address any of the new evidence which formed the basis for the renewed request. The Government does not offer any explanation as to why it, at best, provided to the Magistrate incomplete and misleading evidence of Mrs. Toebbe's communications with her husband about leaving the United States. Instead, it merely tells the Court that the defendant has a "comfort level with living abroad" that was a "small factor" compared to the seriousness of charged offenses and the weight of the evidence. (Opposition, pp. 10-11). This analysis is not supported by the record and rewards the Government for withholding exculpatory evidence at a detention hearing.

As to the "weight of the evidence" analysis, the new evidence cited in this motion severely undermines the Government's case against Mrs. Toebbe. There is no dispute in this case that Mrs. Toebbe went with her husband to three "dead drops" that were apparently part of his scheme to sell classified information to some third country that so far remains unnamed. Yet the issue in this case will be whether or not Mrs. Toebbe was complicit in her husband's alleged espionage scheme. The Government brushes off Mr. Toebbe's statements that his wife is innocent as "conveniently timed and clearly biased" and that because Mr. Toebbe waited "two weeks" to begin to exculpate his wife, the Court should ignore the new evidence. (Opposition, p. 11). Yet the Court now has before it numerous examples of Mr. Toebbe stating that his wife is innocent. None of this information was available at the detention hearing. And, in another letter that was just provided to the defense in discovery, Mr. Toebbe wrote to his son and stated that "in time the government must surely come to its senses and recognize her innocence." (Letter

---

1283. The magistrates order does not satisfy this level of scrutiny and is undermined by the new evidence.

dated December 31, 2021)   Thus, in numerous writings and recorded phone calls, Mr. Toebbe has stated that his wife is innocent and the Court cannot simply ignore this as new evidence bearing on the issue of pre-trial detention.  And, the defense believes that Mr. Toebbe has told the Government the same in debriefs and the Court should note that in its lengthy Opposition, the Government does not refute the defense claim that Mr. Toebbe has exculpated his wife in interviews with the Government.[2]

In addition to Mr. Toebbe's numerous statements exculpating Mrs. Toebbe, the Government also knows that her DNA and fingerprints are not present on several crucial items of evidence that it has recently tested. This is also new information. Specifically, her fingerprints were not found on the package containing the initial offer to sell classified information that Mr. Toebbe allegedly sent to the foreign country. Nor were her fingerprints found on any of the cash that the Government seized from their home. With regard to her DNA, none was found on the items that Mr. Toebbe allegedly left at the "dead drops." This newly disclosed exculpatory forensic evidence further tips the weight-of-evidence factor in her favor, and like the other new evidence that has been identified, satisfies the statutory standard.  "New and material information…consists of something other than a defendant's own evaluation of his character or the strength of the case against him; instead, it must consist of truly changed circumstances, something unexpected, or a significant event." United States v. Lee. 451 F. Supp. 3d 1, 5 (D.D.C. 2020)(quoting United States v. Esposito, 354 F. Supp. 3d 354, 359 (S.D.N.Y. 2019)

The Court should know as well that at the detention hearing, the Government admitted that during the entire investigation of this case, the Government failed to obtain a warrant allowing it to place a listening device in the car that the Toebbe's drove back and forth to the

---

[2] The defense has requested discovery as to statements that Mr. Toebbe has made.   The Government has declined to make that discovery available until the date that Brady information is due under the current schedule.

dead drops. It admitted it never obtained a warrant to tap the cell phones of the Toebbes and never placed any listening devices in the residence. This Court has substantial experience with gang and drug cases in which the volume of evidence of recorded calls and wiretapped meetings is quite substantial. If the Government had a single recording in which Mr. Toebbe and Mrs. Toebbe discussed the details of the espionage plot referenced in the Indictment, the Court would have seen those details in bright lights. They do not have such a recording because it does not exist and it is the height on injustice for Mrs. Toebbe to sit in jail to await trial when the Government has no direct evidence of her guilt other than her presence at the dead drops orchestrated by Mr. Toebbe.

The Government also derides the offer made by Mrs. Toebbe's father to post a cash bond of $100,000.00 for his daughter. The Magistrate made no reference to the offer in denying the Motion to Reopen and all the Government argues is that such a bond is insufficient. While that may be the Government's opinion, it is up to the Court to decide if a bond in this amount, which will pose quite a hardship to Mrs. Toebbe's father and would insure Mrs. Toebbe's appearance, is sufficient to insure her presence at trial.[3] Again, the Magistrate did not consider this issue at all.

In the end, Mrs. Toebbe has every reason to come to Court and defend herself against these charges. She is not a flight risk and not a danger to the community. She has a constitutional right to bond which this Court should honor by reopening her detention hearing and releasing her on bond pending trial. Electronic monitoring, along with the substantial cash bail offered by her father, is sufficient to assure her appearance and protect the community.

---

[3] The Government posits no information that Mrs. Toebbe has any information as to the location of the "$100,000 in cryptocurrency it paid to the Toebbes in exchange for the encrypted data." (Opposition, p. 12, f.n. 1) The Government combines Mr. and Mrs. Toebbe as one again when it knows that it was Mr. Toebbe alone who sought and received the cryptocurrency.

4

**DIANA TOEBBE**
**By Counsel**

_____/s/_____
Edward B. MacMahon, Jr. (VSB # 25432)
Edward B, MacMahon, Jr., PLC
107 East Washington Street
P. O. Box 25
Middleburg, Virginia  20118
(540) 687-3902
(540) 687-6366 (facsimile)
ebmjr@macmahon-law.com
*Counsel for Diana Toebbe*


_____/s/_____
Barry P. Beck
Power, Beck & Matzureff Law Offices
308 West Burke Street
Martinsburg, WV 25401
304-264-8870
304-264-8585 (fax)
bpbeck@frontier.com
*Counsel for Diana Toebbe*


## CERTIFICATE OF SERVICE

     I hereby certify that on January 21, 2022, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to all counsel of record.

_____/s/_____
Edward B. MacMahon, Jr. (VSB # 25432)
Edward B. MacMahon, Jr., PLC
107 East Washington Street
P. O. Box 25
Middleburg, Virginia  20118
(540) 687-3902
(540) 687-6366 (facsimile)

ebmjr@macmahon-law.com
*Counsel for Diana Toebbe*