

FILED

FEB 18 2022

U.S. DISTRICT COURT-WVND
MARTINSBURG, WV 25401

**United States Department of Justice**

*William Ihlenfeld*
*United States Attorney's Office*
*Northern District of West Virginia*

United States Courthouse
1125 Chapline Street      Phone: (304) 234-0100
P.O. Box 591      FAX: (304) 234-0111
Wheeling, WV 26003

Edward B. MacMahon, Jr.
107 East Washington Street
Middleburg, VA 20117
VIA E-MAIL DELIVERY

February 15, 2022

In re:    United States v. Diana TOEBBE, Criminal No.: 3:21-CR-49-002

Dear Mr. MacMahon:

     This will confirm conversations with you concerning your client, Diana Toebbe (hereinafter referred to as "Defendant" or "Ms. Toebbe"). All references to the "Guidelines" refer to the guidelines established by the United States Sentencing Commission, effective November 1, 1987, as amended.

     It is agreed between the United States and your client as follows:

     1.      Ms. Toebbe will plead guilty to Count One of the Indictment, Conspiracy to Communicate Restricted Data, in violation of Title 42, United States Code, Sections 2274(a) and 2014.

     2.      The maximum penalty to which Ms. Toebbe will be exposed by virtue of her plea of guilty to Count One is: imprisonment for a term of not more than life, a fine of not more than $100,000, and a term of supervised release of not more than five (5) years, pursuant to Title 42, United States Code, Section 2274(a) and Title 18, United States Code, Sections 3559(a)(1) and 3583(b)(1). Ms. Toebbe will also be required to pay a mandatory special assessment of $100 (Title 18, United States Code, Section 3013), which must be paid before the date of sentencing by money order, or certified check, made payable to the United States District Court. It is also understood that Ms. Toebbe might be required by the Court to pay the costs of any incarceration.

_____      _2/16/22_____
Diana Toebbe, Defendant                Date

_____      _2/16/22_____
Edward B. MacMahon, Jr.              Date
Counsel for Defendant

3. Pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, the parties agree to the following binding term: **a sentence of not more than 36 months of imprisonment**. The Court will determine the amount of the supervised release and any fine. The parties understand that if the Court does not accept the binding provisions of this paragraph, then Ms. Toebbe will have the right to withdraw her plea of guilty.

4. Pursuant to Sections 6B1.4 and 1B1.3 of the Guidelines, the parties hereby stipulate and agree that the base offense level is **Base Offense Level 37** pursuant to Section 2M3.1(a)(2) because the offense involved the communication of Restricted Data that was classified at the CONFIDENTIAL level.

The parties understand that pursuant to Section 6B1.4(d), the Court is not bound by the stipulations in this paragraph, and if not accepted by the Court, Ms. Toebbe will not have the right to withdraw her plea of guilty.

5. The parties hereby stipulate and agree to the following facts:

At some time during the charged period, Ms. Toebbe knowingly and voluntarily joined a conspiracy with her husband, Jonathan Toebbe, to communicate Restricted Data to another person with the intent to secure an advantage to a foreign nation and committed multiple overt acts in furtherance of the conspiracy, including acting as a lookout while Mr. Toebbe serviced three dead drops, as described below.

On June 26, 2021, in Jefferson County, West Virginia, Jonathan Toebbe serviced a dead drop by leaving behind Restricted Data relating to militarily sensitive design elements, operating parameters, and performance characteristics of Virginia-class submarine reactors on an SD card, which was wrapped in plastic and concealed between two slices of bread on a half of a peanut butter sandwich. The SD card also contained a typed message that included statements, "I hope your experts are very happy with the sample provided," and "I want our relationship to be very successful for us both." On this date, Ms. Toebbe provided cover and acted as a lookout for Mr. Toebbe while he serviced the dead drop.

On July 31, 2021, in south-central Pennsylvania, Mr. Toebbe serviced a dead drop by leaving behind a typed message, which proposed a plan for him to provide 51 packages over time in exchange for a total of $5 million paid in cryptocurrency. The message also included statements that the information "was slowly and carefully collected over several years" and "smuggled past security checkpoints a few pages at a time" and that one of the sets of information "reflects decades of U.S. Navy 'lessons learned' that will help keep your sailors safe." On this date, Ms. Toebbe provided cover and acted as a lookout for Mr. Toebbe while he serviced the dead drop.

| | |
|---|---|
| _____ <br> Diana Toebbe, Defendant | Date 2/16/22 |
| _____ <br> Edward B. MacMahon, Jr. <br> Counsel for Defendant | Date 2/16/22 |

- 2 -

On August 28, 2021, in eastern Virginia, Mr. Toebbe serviced a dead drop by leaving behind Restricted Data relating to militarily sensitive design elements, operating parameters, and performance characteristics of Virginia-class submarine nuclear reactors on an SD card, which was concealed in a chewing gum package. The SD card also contained a typed message, stating, in part: "There is only one other person I know is aware of our special relationship, and I trust that person absolutely"; "I was extremely careful to gather the files I possess slowly and naturally in the routine of my job, so nobody would suspect my plan"; "I do not believe any of my former colleagues would suspect me, if there is a future investigation"; and "We have cash and passports set aside for th[e] purpose" of having to flee the United States. When Mr. Toebbe wrote "one other person" was aware of Mr. Toebbe's relationship, Mr. Toebbe was referring to his wife, Ms. Toebbe.

October 9, 2021, in Jefferson County, West Virginia, Mr. Toebbe serviced a dead drop by leaving behind an SD card, which was concealed in a chewing gum package. On this date, Ms. Toebbe provided cover and acted as a lookout for Mr. Toebbe while he serviced the dead drop.

6.      Ms. Toebbe waives any right to have sentencing determinations made by a jury and for a jury determination of any and all facts relevant to the application of the United States Sentencing Guidelines provisions and consents to the application of the Guidelines, in conformity with United States v. Booker, 543 U.S. 220 (2005), and to a determination of any and all facts and a resolution of the application of any and all Guidelines factors by the United States District Judge. Ms. Toebbe further agrees that the District Judge should make any sentencing determinations, including, but not limited to, Guidelines determinations, using the preponderance of the evidence standard.

7.      Ms. Toebbe will be completely forthright and truthful with regard to all inquiries made of her and will give signed, sworn statements and testimony, including but not limited to, appearances at grand jury, trial, sentencing and other proceedings. Ms. Toebbe will agree to submit to a polygraph examination if requested to do so by the United States Attorney's Office for the Northern District of West Virginia.

Moreover, Ms. Toebbe agrees to provide access to and consent to search all electronic devices and accounts owned, possessed, and/or controlled by her and any files contained therein. The electronic accounts include but are not limited to all ProtonMail accounts.

In addition, Ms. Toebbe agrees to assist federal officials with locating and retrieving the $100,000, which the FBI paid via Monero cryptocurrency in exchange for the Restricted Data. In this regard, Ms. Toebbe voluntarily abandons all right, title, interest, and claim to the $100,000.

_____          _____2/16/22_____
Diana Toebbe, Defendant                                    Date

_____          _____2/16/22_____
Edward B. MacMahon, Jr.                                    Date
Counsel for Defendant

- 3 -

Finally, Ms. Toebbe agrees to assist federal officials with locating all classified information and Restricted Data in any form possessed and/or controlled by her or contained in premises, including electronic devices and accounts, possessed and/or controlled by her.

8. Nothing contained in any statement or any testimony given by Defendant, pursuant to Paragraph 7, will be used against her as the basis for any subsequent prosecution. Defendant understands that the use immunity granted in this agreement does not cover any statements or admissions that she committed, or was directly involved in committing, a crime of violence. This means that such statements or admissions can be used against the Defendant in any state or federal prosecution. In this regard, Defendant admits that, prior to the proffer, pursuant to Miranda v. Arizona, 384 U.S. 436 (1996), she has been adequately advised and warned that any admission that she committed, or was directly involved in committing, a crime of violence is not covered by the use immunity under this agreement. It is further understood that any information obtained from Defendant in compliance with this cooperation agreement will be made known to the sentencing court; however, pursuant to Guideline 1B1.8, such information may not be used by the Court in determining Defendant's applicable guideline range.

This agreement does not prevent Defendant from being prosecuted for any violations of other Federal and state laws she may have committed should evidence of any such violations be obtained from an independent legitimate source, separate and apart from that information and testimony being provided by her pursuant to this agreement.

In addition, nothing contained in this agreement shall prevent the United States from prosecuting Defendant for perjury or the giving of a false statement to a federal agent, if such a situation should occur by virtue of her fulfilling the conditions of Paragraph 7 above.

9. Ms. Toebbe understands and agrees that she shall not knowingly have contact with any foreign government, or agents thereof, except with the express written permission of the FBI, unless such contact is solely for the purpose of obtaining a visa for foreign travel, entering, and departing a foreign country through customs control, or otherwise related to lawful international travel. Ms. Toebbe shall not seek or knowingly accept, personally or through another person or entity, any benefit from any foreign government or agent thereof. Should such a benefit be received by Ms. Toebbe, or some person or entity on her behalf, she hereby assigns any such benefit to the United States.

10. As part of this plea agreement, and based upon the concessions of the United States in this plea agreement, Ms. Toebbe knowingly, willingly, and voluntarily gives up the right to seek any additional discovery. Further, Ms. Toebbe knowingly, willingly, and voluntarily waives all pending requests for discovery.

_____  
Diana Toebbe, Defendant  

_____  
Edward B. MacMahon, Jr.  
Counsel for Defendant  

2/16/22  
Date  

2/16/22  
Date

11.     Ms. Toebbe understands and agrees that no later than 30 days following her sentencing hearing, she will, through her attorneys, return to the United States all discovery provided by the United States in this case, with the exception of any unclassified materials this Office gives Ms. Toebbe and provides express, written permission to retain. The Government reserves the right to inspect the specific documents Ms. Toebbe wishes to retain to determine whether they are classified or otherwise must be returned to the Government. Except for materials the Government permits Ms. Toebbe to retain, Ms. Toebbe expressly consents to the United States destroying or retaining these items as it sees fit without notice to her.

12.     Specifically, but without limitation on the Government's right to forfeit all property subject to forfeiture as permitted by law, Ms. Toebbe agrees to forfeit and abandon to the United States all of Ms. Toebbe's right, title, and interest in the following items that Ms. Toebbe agrees constitute money, property, and/or assets derived from or obtained by Ms. Toebbe as a result of, or used to facilitate the commission of, Ms. Toebbe's illegal activities: all papers, digital media, and electronic devices seized from her residence, her vehicles, and Mr. Toebbe's Naval Reactors offices in October 2021.

13.     At final disposition, the United States will advise the Court of Ms. Toebbe's forthrightness and truthfulness, or failure to be forthright and truthful, and ask the Court to give the same such weight as the Court deems appropriate. In addition, at the sentencing hearing, the United States will move to dismiss Counts Two and Three of the Indictment as they pertain to her.

14.     Although this agreement contains a binding term regarding imprisonment, the United States will make the following <u>nonbinding</u> recommendations: 1) if Ms. Toebbe accepts responsibility, and if the probation office recommends a two-level reduction for "acceptance of responsibility," as provided by Guideline 3E1.1, the United States will concur in the recommendation; and 2) should Ms. Toebbe give timely and complete information about her own involvement and provide timely notice of her intent to plead guilty, permitting the United States to avoid trial preparation, and comply with all the requirements of this Agreement, the United States will recommend, if applicable, an additional one-level reduction for this "timely acceptance" of responsibility. In order to be eligible for this timely acceptance of responsibility, **Ms. Toebbe must execute this Plea Agreement on or before 5:00 p.m., February 17, 2022**, and return or fax an executed copy to the United States by that day and time.

15.     If, in the opinion of the United States, Ms. Toebbe either engages in conduct defined under Application Notes 4(A) through (K) of Guideline 3C1.1, fails to cooperate as promised, fails to make a truthful debriefing, is found to be deceptive during any polygraph, fails to testify fully and truthfully either at grand jury or any trial, fails to pay the special assessment prior to the sentencing hearing, or violates any other provision of the Plea Agreement, then the United States will not be bound to make the foregoing recommendations or take the foregoing actions and will have the right to revoke this agreement.

_____        Date  2/16/22
Diana Toebbe, Defendant

_____        Date  2/16/22
Edward B. MacMahon, Jr.
Counsel for Defendant

16. Ms. Toebbe is aware that 18 U.S.C. § 3742 affords a defendant the right to appeal the sentence imposed. Acknowledging this, and in exchange for the concessions made by the United States in this plea agreement, the defendant waives the following rights, if the Court sentences her pursuant to Paragraph 3 of this agreement:

   a. The defendant knowingly waives all right, pursuant to 28 U.S.C. § 1291 or any other statute or constitutional provision, to appeal the defendant's conviction on any ground whatsoever. This includes a waiver of all rights to appeal the defendant's conviction on the ground that the statute(s) to which the defendant is pleading guilty is unconstitutional, or on the ground that the admitted conduct does not fall within the scope of the statute(s).

   b. The defendant knowingly and expressly waives all rights conferred by 18 U.S.C. § 3742 to appeal whatever sentence is imposed (including any fine, term of supervised release, or order of restitution) for any reason (including the establishment of the advisory sentencing guidelines range, the determination of the defendant's criminal history, the weighing of the sentencing factors, and any constitutional challenges to the calculation and imposition of any term of imprisonment, fine, order of forfeiture, order of restitution, and term or condition of supervised release).

   c. To challenge the conviction or the sentence which is within the maximum provided in the statute of conviction or the manner in which it was determined in any post-conviction proceeding, including any proceeding under 28 U.S.C. § 2255.

Nothing in this paragraph, however, will act as a bar to the defendant perfecting any legal remedies she may otherwise have on appeal or collateral attack respecting claims of ineffective assistance of counsel or prosecutorial misconduct. The defendant agrees that there is currently no known evidence of ineffective assistance of counsel or prosecutorial misconduct.

The United States waives its right to appeal any sentence within range specified in Paragraph 3. Both parties have the right during any appeal to argue in support of the sentence.

17. The United States reserves the right to provide to the Court and the United States Probation Office, in connection with any presentence investigation that may be ordered pursuant to Rule 32(c) of the Federal Rules of Criminal Procedure, or in connection with the imposition of sentence should the Court, pursuant to Rule 32(c)(1), not order a presentence investigation, relevant information, including information regarding Ms. Toebbe's background, criminal record, the offenses charged in the Indictment and other pertinent data appearing at Rule 32(c)(2) of the Federal Rules of Criminal Procedure, as will enable the Court to exercise its sentencing discretion. The United States also retains the right to respond to any questions raised by the Court, to correct any inaccuracies or inadequacies in the anticipated

_____     Date  2/16/22
Diana Toebbe, Defendant

_____     Date  2/16/22
Edward B. MacMahon, Jr.
Counsel for Defendant

presentence investigation report to be prepared by the Probation Office of the Court, and to respond to any written or oral statements made to the Court by Ms. Toebbe or her counsel.

18. Ms. Toebbe agrees that all monetary penalties imposed by the Court will be due and payable immediately and subject to immediate enforcement by the United States as provided for in Title 18, United States Code, Section 3613. Furthermore, Ms. Toebbe agrees to provide all requested financial information to the United States and the Probation Office and agrees to participate in any presentencing debtor examinations. Ms. Toebbe also authorizes the U.S. Attorney's Office for the Northern District of West Virginia to access her credit report from any major credit reporting agency prior to sentencing, in order to assess the financial condition for sentencing purposes. Ms. Toebbe agrees, under penalty of perjury, to complete a financial statement to be returned with the plea agreement. If the Court imposes a schedule of payments, Ms. Toebbe agrees that it will be deemed to be merely a minimum schedule of payments, not the only method available to the United States to enforce the judgment. Ms. Toebbe agrees to participate in the Federal Bureau of Prisons' Inmate Financial Responsibility Program, regardless of whether the Court specifically directs participation or imposes a schedule of payments. In addition, Ms. Toebbe agrees that the United States may submit any unpaid criminal monetary penalty to the United States Treasury for offset, regardless of the defendant's payment status or history at the time of said submission.

_____  
Diana Toebbe, Defendant

_____  
Edward B. MacMahon, Jr.  
Counsel for Defendant

Date 2/16/22

Date 2/16/22

- 7 -

19.   The above eighteen (18) paragraphs constitute the entire agreement between Ms. Toebbe and the United States of America in this matter.  **There are no agreements, understandings or promises between the parties other than those contained in this Agreement.**

                                  Very truly yours,

                                  WILLIAM IHLENFELD
                                United States Attorney

By:    Jarod J. Douglas
        Assistant United States Attorney

        Jessica Lieber Smolar
        Special Assistant United States Attorney

        S. Derek Shugart
        Trial Attorney

        Matthew J. McKenzie
        Trial Attorney

As evidenced by my signature at the bottom of the eight (8) pages of this letter agreement, I have read and understand the provisions of each paragraph herein and, hereby, fully approve of each provision.

_____        2/16/22
Diana Toebbe, Defendant                                Date

_____        2/16/22
Edward B. MacMahon, Jr.                              Date
Counsel for Defendant