IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG

UNITED STATES OF AMERICA,

        **Plaintiff,**

**v.**                                         **CRIMINAL NO. 3:21CR49-2**
                                               **(JUDGE GROH)**

DIANA TOEBBE,

        **Defendant.**

**DEFENDANT'S MOTION FOR REDUCED SENTENCE
PURSUANT TO 18 U.S.C. §3582(c)**

Comes now, the Defendant, Diana Toebbe, by and through counsel, Nicholas J. Compton, Assistant Federal Public Defender, moving this Court, pursuant to 18 U.S.C. § 3582(c)(2) and U.S.S.G. §1B1.10, for an amended judgment order reducing her term of imprisonment.   In support of the instant motion, the Defendant relies on the following grounds:

1. On November 9, 2022, Ms. Toebbe was sentenced to 262 months in prison.  This sentence was imposed upon her conviction for conspiracy to communicate restricted data, in violation of 42 U.S.C. §§ 2274(a) and 2014.

2. Amendment 821, Part B, Subpart 1 to the United States Sentencing Guidelines (U.S.S.G.) creates a new section 4C1.1 entitled Adjustment for Certain Zero-Point Offenders.   Pursuant to the new section 4C1.1, a defendant is eligible for a two-level downward adjustment to her base offense level if she meets all ten criteria listed in § 4C1.1(a).   Amendment 825 to the United States Sentencing Guidelines modified §

1

1B1.10(d) to include Amendment 821, effectively making application of the new § 4C1.1 retroactive.

3. At her original sentencing hearing, the Court found that Ms. Toebbe's base offense level was set at 37 pursuant to U.S.S.G. §2M3.1(a)(2). The Court then applied a 2-level upward adjustment for obstruction of justice pursuant to § 3C1.1. The Court did not apply any additional enhancements or adjustments. Ms. Toebbe's total offense level was therefore determined to be level 39. The Court found that Ms. Toebbe's criminal history category was I based on zero criminal history points. With a total offense level of 39 and a criminal history category of I, the Court found Ms. Toebbe's guideline range to be 262 to 325 months. The Court sentenced Ms. Toebbe to 262 months incarceration—the low end of the applicable guideline range.

4. In this case, Ms. Toebbe and the United States entered into a binding plea agreement [ECF 130] pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure. The binding term, as contained in Paragraph 3 of the agreement, is as follows: "a sentence of imprisonment of not more than the low end of the applicable Guidelines range."[1]  18 U.S.C. § 3582(c)(2) authorizes a district court to reduce a defendant's sentence if the defendant "has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." *See Hughes v. United States*, 138 S.Ct. 1765, 1775 (2018). A sentence imposed pursuant to a Rule 11(c)(1)(C) plea agreement is "based on" the defendant's guideline range so long as that range was part of the framework the district court relied on in

---

1. Paragraph 3 of the plea agreement further states: "The parties' reference to "low end" means the lowest number of months of imprisonment available in the applicable Guidelines range."

imposing the sentence or accepting the agreement. *Id.* In this case, the District Court initially rejected a binding plea whose binding term did not reflect Ms. Toebbe's calculated guideline range. The District Court accepted a subsequent binding plea whose binding term, as noted above, did account for the calculated guideline range. Further, the District Court sentenced Ms. Toebbe to a term of imprisonment that was within, and at the low end of, the applicable guideline range in accordance with the binding term of the plea agreement. Therefore, Ms. Toebbe's guideline range was part of the framework the District Court relied on in accepting the binding plea and in imposing sentence in accordance with the binding term of the plea. Ms. Toebbe's sentence was therefore "based on" her guideline range and is thus eligible for reduction pursuant to *Hughes* and 18 U.S.C. § 3582(c)(2).

5. The United States Probation Office has reviewed Ms. Toebbe's case and determined that she meets all ten criteria for application of the 2-level downward adjustment pursuant to Amendment 821, Part B, Subpart 1, and U.S.S.G. §§ 1B1.10(d) and 4C1.1. [See Worksheet at Exhibit 1]. Applying the 2-level downward adjustment, the Probation Office has determined that Ms. Toebbe's new total offense level is 37. Combined with her criminal history category of I, her new guideline range is 210 to 262 months. After reviewing Ms. Toebbe's case, undersigned defense counsel concurs with the Probation Office's determination that she meets all ten criteria set forth in § 4C1.1, and further concurs with the Probation Office's calculation of her new guideline range.

6. Counsel for the United States, Kyle Kane, advises that the United States agrees that

Ms. Toebbe's sentence was "based on" her guideline range for purposes of 18 U.S.C. § 3582(c)(2). However, he further advises that the United States intends to file a response to this motion. As such, a Proposed Order is not attached.

7. Ms. Toebbe is currently housed at FCI Aliceville. According to the Bureau of Prisons, Ms. Toebbe's current release date is May 17, 2040.

WHEREFORE, based on the foregoing, Ms. Toebbe respectfully requests this Court enter an amended judgment order reducing the term of imprisonment to 210 months—the low end of the new guideline range. Further, pursuant to 1B1.10(e)(2), the Court is requested to indicate in its amended judgment order that the reduction not take effect until February 1, 2024.

Respectfully submitted,

DIANA TOEBBE
By Counsel

By:    s/ *Nicholas J. Compton*
Nicholas J. Compton
Attorney for Defendant
WV State Bar # 11056
Federal Public Defender Office
Summit Bank Building
651 Foxcroft Avenue, Suite 202
Martinsburg, West Virginia 25401
Tel. (304) 260-9421
Fax. (304) 260-3716
E-Mail. Nicholas_Compton@fd.org

4

## **CERTIFICATION OF SERVICE**

I hereby certify that on January 10, 2024, I electronically filed the foregoing with the

Clerk of the Court using the CM/ECF system, which will send notification of such filing to the

following:

Kyle Kane, AUSA
Office of the United States Attorney
U.S. Courthouse
217 W. King Street, Suite 400
Martinsburg, WV 25401


s/ *Nicholas J. Compton*
Nicholas J. Compton
Attorney for Defendant
WV State Bar # 11056
Federal Public Defender Office
Summit Bank Building
651 Foxcroft Avenue, Suite 202
Martinsburg, West Virginia 25401
Tel. (304) 260-9421
Fax. (304) 260-3716
E-Mail. Nicholas_Compton@fd.org